**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

**RICARDO A. CREWS,**

       **Petitioner,**

                    **RECORD NO. CL08002479-00**

**v.**

**DIRECTOR, DEPARTMENT OF CORRECTIONS,
COMMONWEALTH OF VIRGINIA**

       **Respondent**

## MOTION TO DISMISS

The Respondent moves this Court to deny and dismiss the petition for writ of habeas corpus and says as follows:

1. On June 1, 2005, the petitioner was convicted in this Court of three counts of use of a firearm during the commission of a felony; abduction with the intent to defile; statutory burglary with intent to commit murder, rape or robbery while armed with a deadly weapon; attempted robbery; and rape. (See Exhibit 1, copy of order).

2. By final order dated August 12, 2005, this Court sentenced the petitioner to fifty years and one month incarceration, with no time suspended. (See Exhibit 2, copy of final order).



EXHIBIT
A

1

3. The petitioner then appealed his convictions to the Virginia Court of Appeals. By *per curiam* order dated April 26, 2006, the Court of Appeals denied the petitioner's appeal. (See Exhibit 3, copy of order).

4. The petitioner then sought review by a three-judge panel of the Court of Appeals. On December 28, 2006, the Court of Appeals denied the petitioner's appeal. (See Exhibit 4, copy of order).

5. The petitioner subsequently appealed his convictions to the Virginia Supreme Court. By order dated May 17, 2007, the Virginia Supreme Court refused his petition for appeal. (See Exhibit 5, copy of order).

6. On April 17, 2008, the petitioner filed this habeas corpus petition in which he alleges the following:

 A. The petitioner was denied his right to due process under the 5th, 6th, and 14th Amendments of the U.S. Constitution when the trial court allowed evidence that petitioner was not entitled to test to be presented by the Commonwealth.

 B. The petitioner was denied his right to due process under the 5th, 6th, and 14th Amendments of the U.S. Constitution when the prosecution did not prove his guilt beyond a reasonable doubt.

 C. The petitioner was denied his rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution when

2

counsel failed to challenge the sufficiency of the evidence on appeal.

D. The petitioner was denied his rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution when counsel failed to appeal the Court of Appeals use of evidence that was not before the trial court to uphold the trial court's decision.

## ARGUMENT

**Petitioner's Claim (A) Is Procedurally Barred Because This Claim Was Previously Raised On Direct Appeal.**

7. In claim (A), the petitioner alleges that this court erred when it allowed the Commonwealth to use his DNA sample as evidence against him during trial. After his conviction, the petitioner argued this same issued before the Virginia Court of Appeals and the Virginia Supreme Court. Since this claim was previously raised on direct appeal, it is now procedurally barred in this habeas corpus petition. "[A] non-jurisdictional issued raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003). Accordingly, this Court must dismiss the claim.

**Petitioner's Claim (B) Is Procedurally Barred Because This Claim Is Non-Cognizable.**

8. In claim (B) the petitioner argues that the prosecution did not prove his guilt beyond a reasonable doubt. Since this claim could have been asserted on direct appeal, but was not, it is now procedurally barred and non-cognizable for purposes of habeas corpus review. "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974); Jackson v. Warden, 271 Va. 434, 437, 627 S.E.2d 776, 782 (2006) ("non-jurisdictional issue[s] . . . [are] not cognizable in a petition for a writ of habeas corpus."); Morrisette v. Warden, 270 Va. 188, 188, 613 S.E.2d 551, 554 (2005) (same). Accordingly, this Court must dismiss the claim.

**Petitioner Received the Effective Assistance of Counsel on Appeal.**

9. In claims (C) & (D) the petitioner alleges that his counsel was ineffective on appeal. These claims are without merit and must be dismissed.

4

10. On appeal, counsel is under "[no] duty to raise every 'colorable' claim suggested by [his] client." Jones v. Barnes, 463 U.S. 745, 754 (1983); see also Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) ("it [is] for [counsel] to decide what questions should be raised [on appeal]."); Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989) (counsel can "strategically elect[]" what claims to raise and this does not constitute ineffective assistance of counsel); Jackson v. Warden, 271 Va. 434, 451, 627 S.E.2d 776, 791 (2006) ("[T]he process of 'winnowing out weaker claims on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective . . . advocacy.") (citation omitted).

11. Concerning claim (C), counsel chose not to challenge the sufficiency of the evidence on appeal because the petitioner's DNA "excluded the possibility that someone other than the petitioner committed the rape." (See Exhibit 6, copy of affidavit). As a result, counsel "chose to challenge the admissibility of the DNA evidence." If this argument had been successful on appeal, "[a] subsequent prosecution of the petitioner . . . would have then been virtually – if not entirely – impossible because [the DNA] was the 'lynchpin' of the

Commonwealth's case." (Exhibit 6). Accordingly, counsel "made the tactical decision to challenge the admissibility of the DNA . . . because that issue was dispositive," and a sufficiency argument "had no merit whatsoever."

12. Since counsel's decision to challenge the admissibility of the DNA evidence instead of the sufficiency of the evidence was a reasonable appellate strategy, claim (C) must be dismissed. See Jones v. Barnes, 463 U.S. 745, 751-752 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

13. Concerning claim (D), counsel did not argue that the Court of Appeals erred when it relied on evidence adduced at both the suppression hearing and the trial to affirm the petitioner's convictions because "such an argument would have been entirely frivolous." (Exhibit 6). As counsel aptly notes, the Court of Appeals explicitly permits reliance on such evidence. See Kidd v. Commonwealth, 38 Va. App. 433, 439, 565 S.E.2d 337, 340 (2002). For counsel to have

made any argument to the contrary "would have been futile, and a complete waste of time." (Exhibit 6).

14. Counsel's decision not to make a frivolous argument on appeal is the hallmark of effective advocacy. Accordingly, claim (D) must be dismissed. See Jones v. Barnes, 463 U.S. 745, 751-752 (1983).

15. Respondent denies each and every allegation of the petition not specifically admitted herein.

16. The claims in the petition can be resolved on the basis of the present record and, therefore, no evidentiary hearing is necessary.

**WHEREFORE,** Respondent moves this Court to deny and dismiss petitioner's claim (A) because it is procedurally barred by Henry v. Warden; to deny and dismiss claim (B) because it is procedurally barred by Slayton v. Parrigan; to deny and dismiss claims (C) & (D) because they are without merit under Jones v. Barnes.

Respectfully submitted,

**DIRECTOR,**
**DEPARTMENT OF CORRECTIONS**

By: _____
Counsel

Joshua M. Didlake, VSB #70061
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Facsimile: (804) 371-0151
Counsel for Respondent

**Certificate of Service**

On May _27th_, 2008, a copy of this Motion to Dismiss, with

exhibits, was mailed to: Ricardo Crews, No. 349962, Wallens Ridge

State Prison, 272 Dogwood Drive, P.O. Box 759, Big Stone Gap,

Virginia 24219.

Joshua M. Didlake
Assistant Attorney General

8

⌐438

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

Present, the Honorable Mosby G. Perrow, III, Judge          June 1, 2005

COMMONWEALTH OF VIRGINIA

v.                                    **ORDER**

Felony No. CR04015596-07-13 – Use of a Firearm During the Commission of a Felony, 3 Counts; Abduction with the Intent to Defile; Statutory Burglary with Intent to Commit Murder, Rape or Robbery While Armed with a Deadly Weapon; Attempted Robbery; Rape

Ricardo Antonio Crews, DOB 07/29/80

      Defendant.



This day came the Commonwealth, represented by Michael Doucette, and Ricardo Antonio Crews, who stands indicted for felonies, to-wit: use of a firearm during the commission of a felony, 3 counts; abduction with the intent to defile; statutory burglary with intent to commit murder, rape or robbery while armed with a deadly weapon; attempted robbery; and rape, appeared in proper person, in custody, and came also David Embrey, defense counsel previously appointed.

Whereupon the defendant was arraigned and after private consultation with his said attorney pleaded not guilty to the indictment, which plea was tendered by the accused in person.

After being advised by the Court of his right to trial either by jury or by the Court and, after consultation with counsel, the accused did not waive his right to trial by jury and to which the Court approved.

The Court then impaneled twenty qualified jurors, free from exception for the trial of the defendant. Whereupon the attorney for the Commonwealth and the attorney for the defendant each alternately exercised their rights to strike the names of four veniremen from the panel, as

0439

provided by law, and the remaining twelve jurors, constituting the jury for the trial of the defendant, were duly sworn.

After opening statements, the evidence was presented by the Commonwealth, and at the conclusion thereof, the defendant, by counsel, made a motion to strike the Commonwealth's evidence, for the reasons stated to the record, which motion the Court overruled.

After hearing all the evidence, the instructions of the Court and argument of counsel, the jurors were sent to the jury room to consider their verdict. They subsequently returned their verdict in open Court, in the following words, to-wit: "We, the jury, find the defendant guilty of using a firearm while committing abduction, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of using a firearm while committing the attempted robbery of Melissa Lipscomb, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of the abduction with the intent to defile, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of statutory burglary, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of the attempted robbery of Melissa Lipscomb, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of using a firearm while committing rape, as charged in the indictment. Neil Middlesworth, Foreman." "We, the jury, find the defendant guilty of rape, as charged in the indictment. Neil Middlesworth, Foreman."

After hearing additional evidence, the instructions of the Court and argument of counsel, the jurors were sent to the jury room to consider their verdict. They subsequently returned their verdict in open Court, in the following words, to-wit: "We, the jury, having found the defendant guilty of using a firearm while committing abduction, fix his punishment at a term of

imprisonment of five (5) years. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of using a firearm while committing the attempted robbery of Melissa Lipscomb, fix his punishment at a term of imprisonment of five (5) years. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of the felony of abduction with intent to defile, fix his punishment at 20 years. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of the felony of statutory burglary, fix his punishment at 1 month. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of the felony of the attempted robbery of Melissa Lipscomb, fix his punishment at 2 years. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of using a firearm while committing rape, fix his punishment at a term of imprisonment of three (3) years. Neil Middlesworth, Foreman." "We, the jury, having found the defendant guilty of the felony of rape, fix his punishment at 15 years. Neil Middlesworth, Foreman."

The Court enters judgment on the verdict as to guilt and the jury was discharged.

The Court, before fixing punishment or imposing sentence, doth direct the Probation Officer of this Court to thoroughly investigate and report to the Court as provided by law, and sentencing is set for August 12, 2005 at 9:30 o'clock a.m., to which time this case is continued. The Court doth order that the defendant submit to a substance abuse screening and follow-up pursuant to Section 18.2-251.01 as deemed appropriate by the Probation Officer.

The Court certifies that at all times during the trial of this case the defendant was personally present and defense counsel was likewise personally present and capably represented the defendant.

And the defendant is remanded to jail without bail pending sentencing.

A Copy, Teste:
Larry B. Palmer, Clerk
By:
_____, Deputy Clerk

A Copy, Teste:
Larry B. Palmer, Clerk
By:
_____ Deputy Clerk

**0817**

VIRGINIA:  IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

FIPS CODE:  680

Hearing Date:  August 12, 2005
Judge:  Mosby G. Perrow, III

COMMONWEALTH OF VIRGINIA

v.                                          **ORDER**

       Felony No. CR04015596-07-13-Use of Firearm-2 Counts; Abduction with the Intent to Defile; Statutory Burglary; Attempted Robbery; Use of Firearm; Rape

Ricardo Antonio Crews, Defendant

       This case came before the Court for sentencing of the defendant, who appeared in person

with his attorney, David Embrey.  The Commonwealth was represented by Michael Doucette.

       On June 1, 2005, the defendant was found guilty of the following offenses:

| CASE NUMBER | OFFENSE DESCRIPTION & INDICATOR FELONY/MISDEMEANOR (F/M) | OFFENSE DATE | CODE SECTION |
| --- | --- | --- | --- |
| CR04015596-07 | Use of Firearm (F) ASL1319F9 | 10/05/99 | 18.2-53.1 |
| CR04015596-08 | Use of Firearm (F) ASL1319F9 | 10/05/99 | 18.2-53.1 |
| CR04015596-09 | Abduction with intent to Defile (F) KID1004F2 | 10/05/99 | 18.2-47 |
| CR04015596-10 | Statutory Burglary (F) BUR2213F9 | 10/05/99 | 18.2-91 |
| CR04015596-11 | Attempted Robbery (F) ROB1207A9 | 10/05/99 | 18.2-58 & 18.2-26 |
| CR04015596-12 | Use of Firearm (F) ASL1319F9 | 10/05/99 | 18.2-53.1 |
| CR04015596-13 | Rape (F) RAP1162F9 | 10/05/99 | 18.2-61 |

       The presentence report was considered and is ordered filed as a part of the record in this

case in accordance with the provisions of Code Section 19.2-299.

       Pursuant to the provisions of Code Section 19.2-298.01, the Court has considered and

reviewed the applicable discretionary sentencing guidelines and the guidelines worksheets.  The

sentencing guidelines worksheets and the written explanation of any departure from the

guidelines are ordered filed as a part of the record in this case.

**EXHIBIT**
_2_

0818

Before pronouncing the sentence, the Court inquired if the defendant desired to make a statement and if the defendant desired to advance any reason why judgment should not be pronounced.

The Court SENTENCES the defendant to:

Incarceration with the **Virginia Department of Corrections** for the term of: 5 years on the charge of use of firearm (abduction); 5 years on the charge of use of firearm (attempted robbery); 20 years on the charge of abduction with intent to defile; 1 month on the charge of statutory burglary; 2 years on the charge of attempted robbery; 3 years on the charge of use of firearm; 15 years on the charge of rape. The total sentence imposed is 50 years and 1 month.

These sentences shall run consecutively with any other sentences imposed.

**Costs.** The defendant shall pay the costs of this prosecution in accordance with a schedule prepared by the Clerk.

**Credit for Time Served.** The defendant shall be given credit for time spent in confinement while awaiting trial pursuant to Code Section 53.1-187.

The Court advised the defendant of his right to appeal and doth appoint David Embrey to represent the defendant on the appeal. The Court doth order that the transcripts be prepared and filed.

And the defendant is remanded to jail.

DEFENDANT IDENTIFICATION:
Alias:          SSN: 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          DOB: 07/29/80          Sex: Male
SENTENCING SUMMARY:
TOTAL SENTENCE IMPOSED: 50 years and 1 month
TOTAL SENTENCE SUSPENDED: None
TOTAL SENTENCE TO SERVE: 50 years and 1 month
//

CC: Pen
A Copy, Teste: L
Larry B. Palmer, Clerk
By:
_____, Deputy Clerk

A Copy, Teste:
Larry B. Palmer, Clerk
By:
_____ Deputy Clerk

192

# VIRGINIA:

*In the Court of Appeals of Virginia on* Wednesday   *the* 26th

*day of*   April, 2006.

**EXHIBIT**

**3**

Ricardo Antonio Crews,                                                                                 Appellant,

against               Record No. 1983-05-3
                     Circuit Court Nos. CR04015596-07 through CR04015596-13

Commonwealth of Virginia,                                                                            Appellee.


From the Circuit Court of the City of Lynchburg

Per Curiam


This petition for appeal has been reviewed by a judge of this Court, to whom it was referred pursuant to Code § 17.1-407(C), and is denied for the following reason:

Appellant argues that the trial court erred in denying his motion to suppress DNA evidence because the underlying DNA samples had been discarded by the Commonwealth so that no further tests could be performed. We disagree and affirm the judgment of the trial court.

On October 5, 1999, Melissa Lipscomb opened the door of her apartment to see two men standing in front of her. They barged in the door, held up a gun, and demanded that Lipscomb and her two friends give them money. One individual took Lipscomb into a back room and forced her to have sex against her will while holding a firearm to her head. The two men then fled. The police were called, and Lipscomb was taken to a hospital. At the hospital, swabs were taken from Lipscomb's vaginal area. DNA material that was not Lipscomb's was found on these swabs and entered into a database. At that time, DNA analysis involved examination of eight areas of the DNA molecule, so that an eight-point test was conducted on the samples.

On March 15, 2001, the kit containing the swabs was thrown away. Subsequently, appellant was convicted of a felony and was required to submit DNA. Appellant's DNA matched the DNA profile

from the swabs taken from Lipscomb, such that another match would have the odds of one in ninety million in the black population. The Commonwealth's Attorney's Office contacted the lab and requested that a sixteen-point comparison be completed. However, such analysis could not be performed because the kit containing the original swabs had been discarded.

Based on the fact that a sixteen-point analysis could not be performed, appellant moved to suppress the original DNA tests comparing appellant's DNA to the perpetrator's DNA. The trial court denied the motion.

Appellant argues that because the swabs were discarded before a sixteen-point test could be performed, that the original test, matching appellant's DNA to the DNA removed from Lipscomb, should have been suppressed because it violated his due process rights. We disagree. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Whether the police discarded evidence in bad faith "depends on whether agents of the state had knowledge of the exculpatory value of the evidence when it was lost or destroyed. Thus, the possibility that evidence could have exculpated a defendant depending on future testing results is not enough to satisfy the constitutional standard of materiality." Lovitt v. Warden, 266 Va. 216, 241, 585 S.E.2d 801, 815 (2003) (citations omitted); see Tickel v. Commonwealth, 11 Va. App. 558, 562, 400 S.E.2d 534, 537 (1991) ("Determining the intentions of the police in failing to preserve evidence requires consideration of the nature of the evidence.").

At the time the kit was thrown away, investigators believed that "all of the testing that could be done at that time had been completed. And there wasn't any value of keeping the evidence." The laboratory did not start testing for sixteen points until 2002, a year after the kit was discarded. The police did not act in bad faith, and thus the trial court did not err in denying the motion to suppress.

This order is final for purposes of appeal unless, within fourteen days from the date of this order, there are further proceedings pursuant to Code § 17.1-407(D) and Rule 5A:15(a) or 5A:15A(a), as

appropriate. If appellant files a demand for consideration by a three-judge panel, pursuant to those rules the demand shall include a statement identifying how this order is in error.

The trial court shall allow court-appointed counsel the fee set forth below and also counsel's necessary direct out-of-pocket expenses. The Commonwealth shall recover of the appellant the costs in this Court and in the trial court.

This Court's records reflect that David D. Embrey, Esquire, is counsel of record for appellant in this matter.

Costs due the Commonwealth
   by appellant in Court of
   Appeals of Virginia:

      Attorney's fee     $400.00  plus costs and expenses

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:     *Mary K. P. Ring*

Deputy Clerk

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Thursday** *the* **28th** *day of* **December,** **2006**.

Ricardo Antonio Crews,                                                                      Appellant,

    against          Record No. 1983-05-3
                      Circuit Court Nos. CR04015596-07 through CR04015596-13

Commonwealth of Virginia,                                                                Appellee.

From the Circuit Court of the City of Lynchburg

Before Judge McClanahan, Senior Judge Bumgardner and Retired Judge Strickland*

For the reason previously stated in the order entered by this Court on April 26, 2006, the petition for appeal in this case hereby is denied.

It is ordered that the trial court allow court-appointed counsel for the appellant an additional fee of $100 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses. In addition to the costs incurred in this Court's April 26, 2006 order, the Commonwealth shall also recover of the appellant the costs reflected in this order.

This order shall be certified to the trial court.

Additional costs due the Commonwealth
  by appellant in Court of Appeals of Virginia:

    Attorney's fee        $100.00  plus costs and expenses

---

    *Retired Judge Strickland took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

A Copy,

Teste:

EXHIBIT
4

By:

Cynthia L. McCoy, Clerk

Deputy Clerk

## VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Thursday *the* 17th *day of* May, 2007.

Ricardo Antonio Crews, Appellant,

against      Record No. 070125
             Court of Appeals No. 1983-05-3

Commonwealth of Virginia, Appellee.

From the Court of Appeals of Virginia

       Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court refuses the petition for appeal.

       The Circuit Court of the City of Lynchburg shall allow court-appointed counsel the fee set forth below and also counsel's necessary direct out-of-pocket expenses. And it is ordered that the Commonwealth recover of the appellant the costs in this Court and in the courts below.

Costs due the Commonwealth
 by appellant in Supreme
 Court of Virginia:

      Attorney's fee     $1,050.00 plus costs and expenses

           A Copy,

             Teste:

                  Patricia L. Harrington, Clerk

          By:

                 Deputy Clerk



EXHIBIT
5

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG**

**RICARDO A. CREWS,**

**Petitioner,**

**RECORD NO. CL08002479-00**

**v.**

**DIRECTOR, DEPARTMENT OF CORRECTIONS,
COMMONWEALTH OF VIRGINIA**

**Respondent**

**AFFIDAVIT**

Comes the Affiant, David D. Embrey, and after being duly sworn does hereby depose and say as follows:

1. I, David D. Embrey, represented the petitioner during his June 1, 2005, criminal trial wherein he was convicted of three counts of use of a firearm during the commission of a felony; abduction with the intent to defile; statutory burglary with intent to commit murder, rape or robbery while armed with a deadly weapon; attempted robbery; and rape.

2. The petitioner alleges that he received the ineffective assistance of counsel when I: (C) failed to challenge the sufficiency of the evidence on appeal; and (D) failed to argue to the Virginia

1

Supreme Court that the Court of Appeals erred when it relied on testimony adduced during the suppression hearing to affirm the petitioner's convictions.

3. Concerning claim (C), the reason why I did not challenge the sufficiency of the evidence on appeal was because the petitioner's DNA was found inside of his rape victim. This DNA – the petitioner's sperm – excluded the possibility that someone other than the petitioner committed the rape. As a result, it would have been frivolous to argue that the evidence was insufficient to sustain the petitioner's convictions because there was no factual basis to support that claim. Thus, instead of wasting time arguing that the evidence was insufficient to support the conviction, I chose to challenge the admissibility of the DNA evidence.

4. If my DNA argument had been successful on appeal, then the petitioner's case would have been remanded to this Court for a new trial and the DNA evidence excluded. A subsequent prosecution of the petitioner without the DNA evidence would have then been virtually – if not entirely – impossible because it was the "lynchpin" of the Commonwealth's case. Thus, rather than argue sufficiency which had no merit whatsoever, I made the tactical decision to challenge

2

the admissibility of the DNA on appeal because that issue was dispositive.

5. Concerning claim (D), the reason I did not argue that the Court of Appeals erred when it relied on testimony adduced at the suppression hearing *and* the trial to affirm the petitioner's convictions was because such an argument would have been entirely frivolous.

6. Court of Appeals precedent make it abundantly clear that "when [it] review[s] the trial judge's refusal to suppress evidence, [it] consider[s] the 'evidence adduced at both the trial *and* the suppression hearing.'" <u>Kidd v. Commonwealth</u>, 38 Va. App. 433, 439, 565 S.E.2d 337, 340 (2002) (citation omitted) (emphasis added). Consequently, any argument I might have made to the contrary would have been futile, and a complete waste of time.

_(signature)_

David D. Embrey

Subscribed and sworn to before me this 21st day of May, 2008.

_(signature)_

Notary Public
My Commission Expires: 06/30/2010
My I.D. # 205405

PAMELA B. MCCARTNEY
NOTARY ID # 205405
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JUNE 30, 2010

3