**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE CITY OF LYNCHBURG

RICARDO A. CREWS,

                Petitioner,

                RECORD NO. CL08002479-00

v.

DIRECTOR, DEPARTMENT OF CORRECTIONS,
COMMONWEALTH OF VIRGINIA

                Respondent

## FINAL ORDER

Upon mature consideration of the petition of Ricardo A. Crews for a writ of habeas corpus, the motion of the Respondent, and the authorities cited therein, a review of the record in criminal cases CR04015596-07 to CR04015596-13 which are hereby made a part of the record in this matter, this Court finds:

1. On June 1, 2005, the petitioner was convicted in this Court of three counts of use of a firearm during the commission of a felony; abduction with the intent to defile; statutory burglary with intent to commit murder, rape or robbery while armed with a deadly weapon; attempted robbery; and rape.



1

2. By final order dated August 12, 2005, this Court sentenced the petitioner to fifty years and one month incarceration, with no time suspended.

3. The petitioner then appealed his convictions to the Virginia Court of Appeals. By *per curiam* order dated April 26, 2006, the Court of Appeals denied the petitioner's appeal.

4. The petitioner then sought review by a three-judge panel of the Court of Appeals. On December 28, 2006, the Court of Appeals denied the petitioner's appeal.

5. The petitioner subsequently appealed his convictions to the Virginia Supreme Court. By order dated May 17, 2007, the Virginia Supreme Court refused his petition for appeal.

6. On April 17, 2008, the petitioner filed this habeas corpus petition in which he alleges the following:

- A. The petitioner was denied his right to due process under the 5th, 6th, and 14th Amendments of the U.S. Constitution when the trial court allowed evidence that petitioner was not entitled to test to be presented by the Commonwealth.

- B. The petitioner was denied his right to due process under the 5th, 6th, and 14th Amendments of the U.S. Constitution when the prosecution did not prove his guilt beyond a reasonable doubt.

C. The petitioner was denied his rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution when counsel failed to challenge the sufficiency of the evidence on appeal.

D. The petitioner was denied his rights under the 5th, 6th, and 14th Amendments of the U.S. Constitution when counsel failed to appeal the Court of Appeals use of evidence that was not before the trial court to uphold the trial court's decision.

### Petitioner's Claim (A) Is Procedurally Barred Because This Claim Was Previously Raised On Direct Appeal.

7. In claim (A), the petitioner alleges that this court erred when it allowed the Commonwealth to use his DNA sample as evidence against him during trial. After his conviction, the petitioner argued this same issued before the Virginia Court of Appeals and the Virginia Supreme Court. Since this claim was previously raised on direct appeal, this Court finds that it is now procedurally barred in this habeas corpus petition. "[A] non-jurisdictional issued raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003). Accordingly, this Court dismisses the claim.

**Petitioner's Claim (B) Is Procedurally Barred Because This Claim Is Non-Cognizable.**

8. In claim (B) the petitioner argues that the prosecution did not prove his guilt beyond a reasonable doubt. Since this claim could have been asserted on direct appeal, but was not, this Court finds that it is now procedurally barred and non-cognizable for purposes of habeas corpus review. "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974); Jackson v. Warden, 271 Va. 434, 437, 627 S.E.2d 776, 782 (2006) ("non-jurisdictional issue[s] . . . [are] not cognizable in a petition for a writ of habeas corpus."); Morrisette v. Warden, 270 Va. 188, 188, 613 S.E.2d 551, 554 (2005) (same). Accordingly, this Court dismisses the claim.

**Petitioner Received the Effective Assistance of Counsel on Appeal.**

9. In claims (C) & (D) the petitioner alleges that his counsel was ineffective on appeal. This Court finds that these claims are without merit and dismisses the claims.

10. On appeal, counsel is under "[no] duty to raise every 'colorable' claim suggested by [his] client." Jones v. Barnes, 463 U.S. 745, 754 (1983); see also Townes v. Commonwealth, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) ("it [is] for [counsel] to decide what questions should be raised [on appeal]."); Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989) (counsel can "strategically elect[]" what claims to raise and this does not constitute ineffective assistance of counsel); Jackson v. Warden, 271 Va. 434, 451, 627 S.E.2d 776, 791 (2006) ("[T]he process of 'winnowing out weaker claims on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective . . . advocacy.") (citation omitted).

11. Concerning claim (C), counsel chose not to challenge the sufficiency of the evidence on appeal because the petitioner's DNA "excluded the possibility that someone other than the petitioner committed the rape." As a result, counsel "chose to challenge the admissibility of the DNA evidence." If this argument had been successful on appeal, "[a] subsequent prosecution of the petitioner . . . would have then been virtually – if not entirely – impossible because [the DNA] was the 'lynchpin' of the Commonwealth's case."

5

Accordingly, counsel "made the tactical decision to challenge the admissibility of the DNA . . . because that issue was dispositive," and a sufficiency argument "had no merit whatsoever."

12. Since counsel's decision to challenge the admissibility of the DNA evidence instead of the sufficiency of the evidence was a reasonable appellate strategy, this Court finds that claim (C) is without merit and dismisses the claim. See Jones v. Barnes, 463 U.S. 745, 751-752 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

13. Concerning claim (D), counsel did not argue that the Court of Appeals erred when it relied on evidence adduced at both the suppression hearing *and* the trial to affirm the petitioner's convictions because "such an argument would have been entirely frivolous." As counsel aptly notes, and this Court finds, the Court of Appeals explicitly permits reliance on such evidence. See Kidd v. Commonwealth, 38 Va. App. 433, 439, 565 S.E.2d 337, 340 (2002). For counsel to have made any argument to the contrary "would have been futile, and a complete waste of time."

6

14. This Court finds that counsel's decision not to make a frivolous argument on appeal is the hallmark of effective advocacy. Accordingly, this Court finds that claim (D) is without merit and dismisses the claim. See Jones v. Barnes, 463 U.S. 745, 751-752 (1983).

For the foregoing reasons, it is therefore **ADJUDGED** and **ORDERED** that the petition for a writ of habeas corpus be, and is hereby, denied and dismissed.

Pursuant to Rule 1:13, endorsement by the petitioner is dispensed with for good cause shown.

The Clerk is directed to forward a certified copy of this Final Order to Joshua M. Didlake, Assistant Attorney General, Office of the Attorney General, 900 East Main Street, Richmond, Virginia, 23219, and a copy to the petitioner.

Entered this 13 day of June, 2008.

_____
Judge

I ask for this:

*/s/ Joshua M. Didlake*

Joshua M. Didlake, VSB No. 70061
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Facsimile: (804) 371-0151
Counsel for Respondent

cc: JMD

A Copy, Teste:
Larry B. Palmer, Clerk
By: _____, Deputy Clerk